**The below described is SIGNED.**

 

**Dated: March 26, 2013**

_____
R. KIMBALL MOSIER
U.S. Bankruptcy Judge

---

BILLIE CROCKER (0761)
**1868 South 500 West**
Woods Cross, UT 84087
Telephone: (801) 296-2200
Facsimile: (801) 296-0300
bcrocker@primealliancebank.com

*Attorney for Prime Alliance Bank, Inc.*

---

IN THE UNITED STATES BANKRUPTCY COURT FOR THE

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re:<br>　　　ROGER WILLIAM BERG,<br><br>　　　　　　Debtor.<br><br>PRIME ALLIANCE BANK, INC.,<br><br>　　　　　　Plaintiff,<br>vs.<br><br>ROGER WILLIAM BERG,<br><br>　　　　　　Defendant. | Bankruptcy Case No. 09-34266<br>Chapter 7<br><br>Adversary Proceeding No. 10-02258<br><br>Judge Kimball Mosier |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW ON
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

1

Plaintiff, Prime Alliance Bank, Inc. ("**Prime Alliance**" or "**Plaintiff**"), moved the Court to enter Summary Judgment against the Defendant. Based upon the Motion, the pleadings on file with the Court including the Defendant's Objection, Amended Objection and Memorandum in Support of the Objection to Plaintiff's Motion for Summary Judgment, for good cause appearing and following oral argument by both parties on February 28, 2013, the Court made the following:

### FINDINGS OF FACT AND CONCLUSIONS OF LAW:

In determining a Motion for Summary Judgment, the Court is required to review the facts in the light most favorable to the nonmoving party but is not required to make unreasonable inferences in favor of the nonmoving party. *Carney v. City and County of Denver*, 534 F. 3d 1269 (10th Cir. 2008). A properly submitted Summary Judgment motion cannot be defeated by mere allegations and denials but rather to withstand summary judgment the nonmoving party must come forward with specific facts showing that there is a genuine issue for trial. *Securities and Exchange Commission v. Smart*, 678 F.3d 350 (10th Cir. 2012).

Since 1970 the issue of nondischargeability is a matter of federal law governed by the terms of the bankruptcy code. *Grogan v. Garner*, 498 U.S. 279 (1991). Footnote 10 of the *Garner* opinion states that the 1970 amendments took jurisdiction over certain dischargeability exceptions, including the exceptions for fraud, away from state courts and vested jurisdiction exclusively in the bankruptcy courts. The Supreme Court's decision in *Stern v. Marshall* does not prohibit a bankruptcy court from entering a final judgment resolving issues under the bankruptcy code which would be completely resolved in the bankruptcy process or the

2

withdrawal from a federal statutory scheme. *In re Deitz*, 469 BR 11 (9th Cir. BAP No. EC-11-1427-PaDMK, 2012) citing *Stern v. Marshall*, 564 U.S. ____, 131 S. Ct. 2594, 2611-15 (2011).

The debtor appears to contest the Court's jurisdiction regarding the determination of debt in this case because it granted relief from the stay. The facts as alleged by the Defendant in his memorandum in opposition to the Motion for Summary Judgment asserts that on March 30, 2010 the Plaintiff filed a motion for relief from the automatic stay in the debtor's bankruptcy case 09-34266 to allow the pending state court lawsuit to proceed. The Defendant did not object and on April 19, 2010 the Court granted the motion for relief from stay allowing the state court lawsuit to proceed. The lawsuit, as recognized in the Defendant's memorandum, did proceed. The litigation continued including depositions and telephonic conferences and eventually that case was dismissed on December 12, 2012. The Court doesn't agree that granting relief from the stay removed jurisdiction of the issue from this Court; the Court did not abdicate its jurisdiction over the non-dischargeability issue, the relief from stay did not require that a judgment be obtained in state court but merely permitted the state court lawsuit to proceed and the motion for summary judgment was filed more than a month prior to the state court dismissal putting the debtor clearly on notice that the Plaintiff would be proceeding in the adversary case. This adversary proceeding was filed timely and remained pending during the period of time the matter was being litigated in state court. One of the reasons for granting the relief from stay was judicial economy as there were other parties in the state court litigation and it was not opposed by the debtor.

The debtor argues that this Court does not have the ability to establish the existence of the debt at issue. The 10th Circuit in the case of *Johnson v. Riebesell*, 586 F.3d 782 (10th Cir. 2009) addressed the contention of whether the bankruptcy court in addition to declaring a debt nondischargeable has jurisdiction to liquidate the debt and enter a monetary judgment. The 10th Circuit held that bankruptcy courts do have jurisdiction to not only determine the dischargeability of the debt but to liquidate the debt and the reasons noted usually include 1) that the determination of the debt lies within the exclusive jurisdiction of the bankruptcy court, 2) the debtor, by filing, consents to the jurisdiction of the Court over matters necessary to the determination of adversarial proceedings and 3) judicial economy and efficiency require that the bankrupty court be empowered to settle both the dischargeability of the debt and the amount of the monetary judgment.

To establish that a claim is non-dischargeable under 11 U.S.C. § 523(a)(2)(A), a creditor must establish the following by a preponderance of the evidence: 1) the debtor made a false representation with the intent to deceive the creditor, 2) the creditor relied upon the representation, 3) the reliance was justifiable and 4) the debtor's representation caused the creditor to sustain a loss. *In re Young*, 91 F.3d 1367 (10th Cir. 1996). The standard for excepting a debt from discharge as a fraudulent representation within the meaning of § 523(a)(2)(A) is not reasonable reliance but the less demanding one of justifiable reliance on the representation. *Field v. Mans*, 516 U.S. 59 (1995).

In general a false statement is material if it has a natural tendency to influence or is capable of influencing the decisions of the decision making body to which it was addressed.

4

*Kneader v. U.S.*, 527 U.S. 1 (1999). To satisfy the criteria for non-dischargeability the false representation must have been made with the intent to deceive; the intent to deceive can be inferred from the totality of the circumstances. *Johnson v. Riebesell*, 586 F.3d 782 (10th Cir. 2009). Not only is a new debt procured through fraud excepted from discharge but old debt extended, renewed or refinanced through fraud is also non-dischargeable. An extension within the meaning of § 523(a)(2)(A) is defined as an indulgence by the creditor giving his debtor additional time to pay. *Gerlach v. Gerlach*, 897 F.2d 1048 (10th Cir. 1990).

The material facts in this adversary proceeding are undisputed in large because the debtor has failed to put facts into dispute under Rule 56 standards. Plaintiff's Motion and Memorandum in Support of Summary Judgment recite detailed facts supported by the pleadings, answers to interrogatories and admissions. The debtor's responses, Docket Nos. 17, 20 and 21 do not address the specific facts but largely contain allegations, averments or mere denials. As stated earlier, to withstand summary judgment the nonmoving party must come forward with specific facts showing that there is a genuine issue for trial. *Securities and Exchange Commission v. Smart*, 678 F.3d 350 (10th Cir. 2012). Those specific facts set forth in the Plaintiff's Memorandum in Support of Summary Judgment which debtor has chosen to answer only with mere allegations or denials will be treated as undisputed facts for purposes of summary judgment.

Included in those undisputed facts are the following:

1. The debtor signed David C. Berg's name on loan documents pertinent to the first, second and third Change in Terms Agreements.

5

2. The debtor has admitted that David C. Berg did not give the debtor permission or power of attorney to sign his name to any of the three Change in Term Agreements

3. The debtor has admitted that he signed David C. Berg's name on the original page 8 of the Trust Deed to Lot 2 and that David C. Berg did not give the debtor permission or power of attorney to sign his name to that Trust Deed.

4. The Declaration of Randall Gaston dated October 3, 2012 and submitted by Plaintiff in support of summary judgment states that Plaintiff relied upon the representations of debtor to grant extensions of credit and in particular upon the debtor's representation that his father executed the loan documents. The debtor has failed to put these facts in dispute.

5. The Gaston declaration states that Plaintiff has been damaged in the amount of $242,379.23; the debtor has not put this fact into dispute.

The Court finds that the undisputed facts establish that 1) Berg made a false representation to Prime Alliance Bank, to wit: that David Berg had signed the change in terms agreements and that these representations were made with the intent to deceive, 2) that the creditor relied upon the representations in extending credit, that the reliance was justified and that the representations caused the creditor to sustain a loss in the amount of $242,379.23. Accordingly, Plaintiff's motion for summary judgment under 11 U.S.C. § 523(a)(2)(A) is GRANTED.

Section 523(a)(4) provides for an exception from discharge for a debt obtained by fraud while acting in the capacity of a fiduciary, or by embezzlement or larceny. Plaintiff does not

6

allege that the debtor was a fiduciary or involved in embezzlement leaving only larceny as an avenue for recovery. Larceny involves the taking of property without the owner's consent but without force or violence. It is a felonious stealing, a taking and carrying away another's personal property with the intent to convert it or deprive the owner therof. *U.S. v. Smith*, 156 F.3d 1046 (10th Cir. 1998).

Although the defendant did obtain money through fraud, the Court finds that the defendant's conduct does not fall within the definition of larceny as defined in *Smith* and, therefore, the Plaintiff's motion for summary judgment under § 523(a)(4) is DENIED.

Section 523(a)(6) allows for an exception to discharge for willful and malicious injury – the word willful modifies the word injury meaning that non-dischargeability takes a willful and deliberate injury and not merely an intentional or deliberate act that leads to injury. *Kawaauhau v. Geiger*, 523 U.S. 57 (1998). The Court must not overlook the criticalness of the terms willful act and malicious injury; without proof of both, an objection to discharge under that section must fail. The term malicious requires proof that the debtor intended the resulting injury or intentionally took action substantially certain to cause injury. *In Re Moore*, 357 F.3d 1125 (10th Cir. 2004).

The facts alleged in the Plaintiff's motion and memorandum in support of summary judgment do not meet the required elements described in controlling case law. The memorandum does not allege that the defendant intended to harm the Plaintiff. Accordingly, the Plaintiff's motion for summary judgment under § 523(a)(6) is DENIED.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 15th day of March, 2013, the foregoing was served on the following:

United States Trustee – ECF Notification
Justin M. Myers – ECF Notification

_____